IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (AT DAYTON)

| | |
|---|---|
| DAVID MICHAEL DISTEFANO, individually and as the Personal Representative for the Estate of ELLEN H. DISTEFANO, <br><br> Plaintiff, <br><br> v. <br><br> DOLE FRESH VEGETABLES, INC., <br><br> Defendant. | CASE NO. 16-CV-00284-WHR <br><br> JUDGE: WALTER H. RICE <br><br> **STIPULATED PROTECTIVE ORDER FOR ENTRY** |

To facilitate discovery in this lawsuit while protecting the interests of the parties and third parties in the confidential, proprietary or otherwise sensitive information which may be contained in certain documents, tangible things or other materials disclosed in this Action, produced during discovery or filed with the Court, and good cause being shown.

IT IS HEREBY ORDERED, pursuant to the agreement of the parties, this Court's equitable powers, and Rule 26(c) of the Federal Rules of Civil Procedure, that the following procedures shall apply to documents, materials and premises inspections produced and performed by the parties or any subpoenaed or non-subpoenaed third parties, and any deposition testimony, deposition exhibits, interrogatory responses and admissions taken or produced in this action (the "Action"):

US.107585243.01

I.   **DEFINITIONS**

1.   **Disclosure or Discovery Material:** all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are voluntarily exchanged, produced or generated by any Party or non-party in disclosures or responses to discovery or subpoenas in this matter.

2.   **Attorney/Counsel:** outside counsel of record and in house counsel (i.e., attorneys who are employees of either a party to this action or a party's corporate parent, subsidiaries, or affiliates).

3.   **"Dole":** includes Dole Fresh Vegetables, Inc. and Dole Food Company, Inc., and any other persons or entities acting on their behalf, including without limitation, present and former officers, managers, employees, parent companies, subsidiaries, agents, contractors and/or consultants.

4.   **Receiving Party:** a Party that receives Disclosure or Discovery Material from a Producing Party.

5.   **Producing Party:** a Party or non-party that produces Disclosure or Discovery Material in this action.

6.   **Designating Party:** a Party or non-party that designates Disclosure or Discovery Material as "Confidential."

7.   **"Confidential" Material:** information (regardless of how generated, stored, or maintained) or tangible things that (a) are not generally available to the public by the Designating Party; and (b) the Designating Party believes in good faith contains sensitive personal information, information constituting a trade secret, confidential research and development, or proprietary, financial or commercial information, the disclosure of which to third parties would result or reasonably could result in detriment to the Designating Party who is the subject or owner of the information so designated, including employees, customers, consumers or clients of the Designating Party.

Examples of this type of information include, but are not limited to: medical records, customer lists, pricing data, production processes or methods, recipes and ingredient lists and/or other technical, commercial, business, or financial information typically treated as being of a confidential nature. The Designating Party shall have the right to designate such information as "Confidential" pursuant to the applicable legal standard.

8.  **Protected Material:** any Disclosure or Discovery Material that is designated as "Confidential," as defined by Paragraph 7 of this section.

9.  **Expert:** a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action and who has been approved to receive Protected Material in accordance with Section III, below.

10. **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

II. **DESIGNATION AND TREATMENT OF PROTECTED MATERIALS**

1.  In order to facilitate production of documents and other discovery in this matter, any Producing Party may, by written notice, or by a statement on the record at a deposition, designate Disclosure or Discovery Material as "Confidential" under the terms of this Order, including Disclosure or Discovery Material produced before entry of this Order, with the terms of this Order applying.

2.  By designating Disclosure or Discovery Material as "Confidential," the Designating Party is certifying to the Court that there is a good faith basis in both law and fact for the designation. Confidential Material shall be so designated by clearly labeling, stamping or otherwise marking the top or bottom of each page of the designated Material with the legend "CONFIDENTIAL" (the "Confidential Legend"), including each page of any electronically produced document. Confidential Material shall be so designated by

clearly labeling, stamping or otherwise marking the top or bottom of each page of the designated Material with the legend "CONFIDENTIAL", including each page of any electronically produced document. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. In the case of Confidential Material disclosed in a native format not conducive to labeling "Confidential" on each page or non-paper or non-electronic medium (*e.g.*, excel spreadsheets, videotape, audiotape, flash drives or other external information storage devices, etc.), the appropriate designation shall be affixed on an accompanying slip sheet, on the outside of the medium or its container, or in the folder or file name of such documents if produced electronically, so as to clearly give notice of the designation.

3. Any Party or non-party may also designate testimony or exhibits, or portions thereof, given in any deposition or pre-trial proceedings as Confidential Material, by designation in writing before or after the proceeding, or by orally designating such testimony or exhibits, or portions thereof, during the proceeding. The deponent or court reporter shall be instructed to clearly mark the designated testimony, and each designated exhibit with the Confidential Legend, as appropriate. Alternatively, any Party or non-party may designate testimony or exhibits, or any portion thereof, as Confidential Material by providing written notice to all parties within thirty (30) calendar days following receipt of the transcript, of those portions of the transcript or exhibits which are to be considered Confidential Material. During this period of review, all transcripts will be automatically designated Confidential, labeled as such and accorded all protections for such material.

4. A Designating Party may designate as "Confidential" any material produced by a non-party by providing written notice to all parties within thirty (30) calendar days after receiving such material, and providing a copy of the material which the Designating Party has clearly labeled, stamped or otherwise marked with the

US.107585243.01

Confidential Legend and the additional words "as designated by [Party]", for example "CONFIDENTIAL as designated by Dole". This Stipulated Protective Order shall not limit the ability of any Party or non-party to voluntarily disclose to others any Protected Material that originates from that Party or non-party.

5. In the event that another Party disagrees with a Designating Party's designation of any document or information as "Confidential," the objecting Party shall advise counsel for the Designating Party, in writing, of the objection and identify the document or item with sufficient specificity to permit identification. Within fifteen (15) business days of receiving the objection, the Designating Party shall advise the objecting Party's counsel whether the Designating Party will change the designation of the document or item. If this cannot be resolved between the parties, then the Parties shall present the dispute to the Court pursuant to S.D. Ohio Loc. Civ. R. 37.1 within 45 days of the Designating Party's receipt of the objection letter, or 45 days prior to designation of trial exhibits and deposition testimony, whichever is sooner. The designated document or item shall continue to be treated as a "Confidential" document and subject to the provisions of this Order until resolved by the Parties and/or the Court. The burden shall be on the Designating Party to establish that the designated document or item should be deemed "Confidential."

6. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, the Receiving Party may disclose any information or item designated "Confidential" only to "Qualified Persons," who are defined to consist solely of:

    a. The Receiving Party's Counsel in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this Action;

    b. The officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving Party (including the officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Receiving

Party's corporate parent, related entities, and affiliates) or named plaintiff(s), to whom disclosure is reasonably necessary for this Action;

  c. All experts (including consultants or reviewing experts) retained in connection with this Action and their administrative support staff if any, to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement And Agreement To Be Bound By Protective Order" (Exhibit A);

  d. The Court and its personnel;

  e. Neutral evaluators, mediators or arbitrators assigned to the case by the Court or retained for the case by the mutual agreement of the Parties;

  f. Professional Vendors for services such as copying, scanning, or electronic document processing to whom disclosure is reasonably necessary for this Action;

  g. Court reporters and their staff to whom disclosure is reasonably necessary for this Action;

  h. During their depositions, non-party witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment And Agreement To Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court;

  i. Any author or recipient of the document or the original source of the information disclosed in the document; and

  j. The officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Designating Party (including the officers, directors, owners, members, partners, trustees, beneficiaries, and employees of the Designating Party's corporate parent, related entities, and affiliates) to whom disclosure is reasonably necessary for this Action.

7. Protected Material shall not be disclosed or furnished to any person pursuant to paragraphs 6(c) and 6(h) unless that person is informed of this Order and has signed the "Acknowledgement and Agreement To Be Bound By Protective Order," appended hereto as Exhibit A. It shall be the obligation of counsel providing the information to a Qualified Person to retain a copy of all agreements executed pursuant to this paragraph until sixty (60) days following the final termination of this Action.

8. Protected Material must be stored and maintained by the Receiving Party at a location and in a secure manner that reasonably ensures that access is limited to Qualified Person(s) as defined by this Order.

9. The list of Qualified Person(s) to whom Protected Material may be disclosed may be enlarged by written agreement of counsel of record. If any Party proposes to expand the list of Qualified Person(s), the parties will meet and confer regarding such proposal. If the parties are unable to reach agreement, any Party may bring the issue to the Court for resolution pursuant to S.D. Ohio Loc. Civ. R. 37.1. Pending resolution by the Court, the list of Qualified Person(s) will not be expanded, and no Protected Material may be disclosed to additional person(s).

10. Nothing in this Stipulated Protective Order shall impose any restrictions upon the use or disclosure by a Party or witness of any document, material, or information obtained by such Party or witness independently of the discovery proceedings in this action, whether or not such document, material, or information is also obtained through discovery proceedings in this action.

11. Entering into, agreeing to, and/or complying with the terms of this Stipulated Protective Order shall not:

    a. Operate as an admission by any Party that any particular document, material, or information contains or reflects currently valuable trade secrets or proprietary commercial information; or

7

b. Prejudice in any way the right of a Party to seek a determination by the Court whether any particular document, material, or information should be subject to the terms of this Stipulated Protective Order, such request and determination to be made in accordance with paragraph 5 above; or

c. Operate as a waiver of any objection of either Party as to the admissibility of a particular document into evidence. Nothing in this Order shall be construed to require any Party to disclose to any other Party any Protected Material, or to prohibit any Party from refusing to disclose Protected Material to any other Party.

12. In the event that any Protected Material is demanded from a Receiving Party by way of subpoena, governmental request, court order or otherwise, that Receiving Party shall promptly, and in no event more than ten (10) business days, notify the Designating Party in writing of the demand. The notice given to the Designating Party shall, in all events, be given before any production or disclosure of Protected Material and shall include a copy of the subpoena, governmental request or court order so as to allow sufficient time for the Designating Party to challenge or resist such production or disclosure.

13. If a party is served with a valid discovery request in this action to produce a non-party's confidential information in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the party shall (a) promptly notify in writing the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with the non-party; (b) promptly provide the non-party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) upon request of the non-party, allow the non-party to inspect the information being sought in discovery. If the non-party fails to object or seek a protective order from this Court within twenty-one (21) days of receiving the notice and accompanying information, the receiving party may produce the non-party's confidential

US.107585243.01

information responsive to the discovery request. If the non-party timely objects or seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection from the Court of its confidential information.

14. ~~For purposes of S. D. Ohio Loc.Civ. R. 5.2.1, this Order shall constitute leave of Court to file "Confidential" documents under seal.~~

15. For any document, paper, exhibit, transcript or other thing filed or lodged with the Court, or any portion thereof ("Record"), containing Confidential material that the Court finds should be filed under seal, the Party filing such Record with the Court shall comply with the requirements of S.D. Ohio Loc. Civ. R. 5.2.1.

16. The foregoing is without prejudice to the right of any Party: (a) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a further protective order relating to any Protected Material or relating to any discovery in this Action; (b) to object to the production of documents it considers not subject to discovery; (c) to apply to the Court for an order compelling production of documents or modification of this Order or for any order permitting disclosure of Protected Material beyond the terms of this Order; or (d) to apply to the Court for an order deeming Disclosure or Discovery Material not "Confidential."

17. If a Producing Party inadvertently or unintentionally produces to a Receiving Party any documents or information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation), the Producing Party shall, within fifteen (15) days of the discovery of the inadvertent production, give notice to the Receiving Party in writing of the Producing Party's claim of privilege or immunity from discovery. Thereafter, the Receiving Party shall

9

immediately return to the Producing Party the original and all copies of the restricted materials, including copies of the restricted materials disseminated to other persons by the Receiving Party. The Receiving Party will be deemed to have notice that material is restricted if the Party reasonably should recognize the material is privileged or protected from discovery, or upon written notice by the Producing Party. Such inadvertent or unintentional disclosure shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery either as to specific documents and information disclosed or on the same or related subject matter. In the event that the Receiving Party disagrees with the Producing Party's claim of privilege or immunity from discovery, then the Receiving Party shall notify the Producing Party within five (5) business days of receipt of the Producing Party's written notice of claim of privilege, and shall set forth the precise grounds upon which the Receiving Party's position rests. If the parties cannot resolve the matter, then the dispute will be presented to the Court pursuant to S.D. Ohio Loc. Rule 37.1. During the pendency of the presentation of the dispute to the Court, the Receiving Party shall not copy, distribute, or otherwise use in any manner the disputed documents or information, and shall instruct all persons to whom the Receiving Party has disseminated a copy of the documents or information that the documents or information are subject to this Order and may not be copied, distributed, or otherwise used pending the motion and further notice from the Court.

18. If a Producing Party inadvertently or unintentionally produces to a Receiving Party any document or information that the Producing Party failed to designate as "Confidential," the Producing Party shall, within thirty (30) days of the discovery of the inadvertent production, give notice to the Receiving Party in accordance with the procedure above for reclaiming inadvertently produced privileged documents. The retrieving Party shall re-produce such documents or material, designating them "Confidential" as described in paragraph 1 above, as soon as possible after retrieval and

no later than ten (10) business days after retrieval. As used in this Order, an act is "timely" if it does not unduly prejudice another Party.

19. If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately notify in writing the Designating Party of the unauthorized disclosure and use its best efforts to retrieve all copies of the Protected Materials. The Receiving Party shall inform the person or persons to whom the unauthorized disclosures were made of the terms of this Order and request that such person or persons execute the "Acknowledgement and Agreement to Be Bound" (Exhibit A) to maintain the protections for material that was improperly disclosed.

20. All Disclosure or Discovery Materials shall be used solely for the purpose of this Action. Except by consent of the Producing Party or order of the Court, such discovery materials shall not be used by any Party, other than the Producing Party, for any outside purpose, at any time, including, without limitation, any outside business or outside commercial purpose. No duplications of documents stamped "Confidential" shall be made except by counsel to provide working copies and for filing in Court under seal.

21. The protections conferred by this Order cover not only Protected Material, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in Court or in other settings that might reveal Protected Material. All notes, summaries, memoranda, reports and other written communications that reveal or discuss information contained in Protected Materials shall be given the same protections under this Order as though they were designated Protected Materials.

22. The provisions of this Order shall not terminate at the conclusion of this Action. Within 60 days after final conclusion of all aspects of this Action, documents stamped "Confidential," and all copies of same (other than exhibits of record) either shall be destroyed or returned to the Producing Party. In the event that documents stamped

11

"Confidential" are produced in electronic form, then the Receiving Party shall employ its best efforts to delete all electronic copies of stamped confidential documents from all computer systems, disks, and other electronic medium and devices. Upon the Producing Party's written request, which shall be made no later than 60 days after the final termination of this Action, counsel of record shall make certification of compliance herewith to counsel for the Producing Party.

23. The final determination or settlement of this action as to any or all parties shall not relieve any person who has received Protected Material from the obligations imposed by this Order, and this Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order. All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

24. The Court may modify this Order for good cause, in the interests of justice or for public policy reasons on its own initiative.

25. Any revisions to this Order shall be effective only upon entry by the Court of a modified stipulated protective order.

**STIPULATED and CONSENTED TO BY:**

/s/ *Rachael D. Spiegel*
Sarah L. Brew (admitted *pro hac vice*)
(MN Bar ID: 209958)
Alyssa L. Rebensdorf (admitted *pro hac vice*)
(MN Bar ID: 0296478)
Rachael D. Spiegel (admitted *pro hac vice)*
(MN Bar ID: 0398030)
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
Sarah.Brew@FaegreBD.com
Alyssa.Rebensdorf@FaegreBD.com

12

Rachael.Spiegel@FaegreBD.com
Phone: (612) 766-7000
Fax: (612) 766-1600


*/s/ R. Leland Evans*
R. Leland Evans, Esq. (0006833)
(Trial Attorney)
Dickie, McCamey & Chilcote, P.C.
250 Civic Center Drive, Suite 280
Columbus, Ohio 43215
revans@dmclaw.com
Phone: (614) 258-5718
Fax: (888) 811-7144

**ATTORNEYS FOR DEFENDANT**

*/s/ Jessica Knopp Cunning*
Natalia Steele (0082530)
Heather M. Lutz (0082237)
Jessica Knopp Cunning (0089165)
**VORYS, SATER, SEYMOUR AND PEASE LLP**
200 Public Square, Suite 1400
Cleveland, OH 44114
nsteele@vorys.com
hmlutz@vorys.com
jkcunning@vorys.com
Phone: (216) 479-6100
Fax: (216) 479-6060

**ATTORNEYS FOR PLAINTIFF**


SO ORDERED this 26th day of August, 2016

_____
Walter H. Rice
United States District Court Judge

13

US.107585243.01

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, with an address of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order issued by the United States District Court for the Southern District of Ohio on _____, 201__ in the case captioned *David Michael DiStefano, individually and as the Personal Representative for the Estate of Ellen H. DiStefano v. Dole Fresh Vegetables, Inc.*, Case No. 16-CV-00284-WHR.

I agree to comply with and to be bound by all the terms of the Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt of court.

I will not utilize any stamped confidential document or other information subject to the Protective Order for any purpose other than this Action. I further affirm that I will not reveal the confidential information to, nor discuss it with, anyone, except in accordance with the terms of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Ohio Western Division for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

At the termination of this Action, I will return or employ my best efforts to destroy all documents marked "Confidential," as well as any copies, summaries or abstracts of

US.107585243.01

them, and documents related to them, whether in hard copy, electronic, or digitized format, to the attorney providing confidential materials to me.

I hereby appoint [NAME] of [FIRM NAME AND ADDRESS] as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Executed on _____, 201\_\_, at [CITY AND STATE].

Signature: _____

US.107585243.01
8/24/2016 25270126